UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**　　　　　　　　　U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**　　　　　　Federal Square, Newark, NJ  07101
　　　　　　　　　　　　　　　　　　　　　　　　(973) 645-6596

August 3, 2005

Bhavana Raval
2500 Rachel Terr.
Apt. 14
Pine Brook, NJ  07058

## LETTER OPINION

　　　Re:　　Raval v. Valley National Bank
　　　　　　Civil Action No. 05-2303 (KSH)

Dear Litigants:

　　　This matter is before the Court on plaintiff's application for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).  For the reasons set forth below, plaintiff's application is denied.

## FACTS AND PROCEDURAL HISTORY

　　　On April 29, 2005, the pro se plaintiff, Bhavana Raval, filed a Complaint pursuant to Title VII of the Civil Rights Act of 1964, along with an application to proceed in forma pauperis, alleging that defendant Valley National Bank terminated her on June 16, 2004 based on her race and religion.[1]  (See Complaint at 1, 3;  Charge of Discrimination appended to the Complaint;

---

[1] The Court notes that in her Complaint, plaintiff alleges discrimination based on her race and religion, while in her Charge of Discrimination appended to the Complaint plaintiff only alleges discrimination based on her race.  (See Complaint at 3; Charge of Discrimination appended to the Complaint.) Furthermore, In her Charge of Discrimination appended to the Complaint, plaintiff alleges that "[a]ll of the girls working there made crude and discriminating comments to me because they thought I was too old to have a baby."  (Charge of Discrimination.)

1

Application to Proceed In Forma Pauperis, Supporting Documentation and Order.)  After filing her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), plaintiff received a notice of her right to sue and thereafter filed the instant Complaint.  (See EEOC Dismissal and Notice of Rights appended to the Complaint.)

On May 17, 2005 the Honorable Katharine S. Hayden granted plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C. §1915 and, among other things, ordered the Clerk to file the Complaint.  (See Order on Application to Proceed Without Prepayment of Fees dated May 17, 2005.)  Plaintiff subsequently filed this Application for Pro Bono Counsel on June 29, 2005.  In support of her application, plaintiff states that she "cannot present the case without an attorney because the legal issues are complex and [she is] not familiar with the rules of evidence and discovery."  (Letter of Plaintiff dated June 27, 2005 appended to Application for Pro Bono Counsel.)  She also asserts that she is "unable to afford counsel and this case is likely to [depend on] credibility determinations."  Id.  Additionally, in response to the inquiry as to why plaintiff has been unable to attain counsel, plaintiff writes: "Lacks the ability to present case.  Due to financial extrem [sic] hardship."  (See Application for Pro Bono Counsel at 1-2.)

**DISCUSSION**

There is no constitutional or statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (citations omitted).  District courts, however, have broad discretion under Section 1915 to determine the appropriateness of requesting counsel to represent an indigent litigant.  See Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Similarly, in actions proceeding under Title VII, 42 U.S.C. § 2000e-5(f)(1) authorizes the Court to appoint counsel "in such circumstances as the court may deem just."  See 42 U.S.C. § 2000e-5(f)(1) (1964).

Whether the Court considers this application under 28 U.S.C. § 1915(e)(1) or 42 U.S.C. § 2000e-5(f)(1), similar factors guide the Court's decision.  See, e.g., Clark v. Germantown Hosp. & Med. Ctr., No. CIV. A. 00-3862, 2001 WL 122221, at *4 (E.D. Pa. Feb. 13, 2001) (considering Tabron factors in application under 42 U.S.C. § 2000e-5(f)(1)); Auchinleck v. Frank, Civ. A. No. 91-0723, 1991 WL 108807, at *2 (E.D. Pa. June 12, 1991) (considering plaintiff's application under 42 U.S.C. § 2000e-5(f)(1) in light of "(1) the ability of the plaintiff to afford an attorney, (2) the merits of the plaintiff's case, (3) the efforts made by the plaintiff to secure counsel, and (4) the capacity of the plaintiff to present the case adequately without aid of counsel").  The Court of Appeals for the Third Circuit has delineated a list of factors for courts to consider in deciding an application for pro bono counsel.  As an initial matter, it must appear to

---

Plaintiff further claims that her supervisor and the management took no action in response to her complaints of mistreatment.

the court that the plaintiff's claim has "some merit in fact and law." Parham, 126 F.3d at 457 (citing, inter alia, Tabron, 6 F.3d at 155). If plaintiff's claim appears to have some merit, then the court should consider:

>    (1) the plaintiff's ability to present her own case;
>    (2) the complexity of the legal issues;
>    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>    (4) the amount a case is likely to turn on credibility determinations;
>    (5) whether the case will require the testimony of expert witnesses;
>    (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (citing Tabron, 6 F.3d at 155-56, 157 n.5). This non-exhaustive list of factors serve as a guidepost for the courts. Id. at 458 (citing Tabron, 6 F.3d at 157).[2]

Assuming that the plaintiff's claim has merit, the Court has considered the Tabron factors and determined the plaintiff has the ability to present her own case. The Court has "consider [ed] the plaintiff's education, literacy, prior work experience, and prior litigation experience," and plaintiff's ability to understand English. Tabron, 6 F.3d at 156. While the Court lacks specific information about the plaintiff's education or prior litigation experience, plaintiff's submissions, reflect literacy and an ability to communicate the factual basis of her claim.[3] Therefore, although plaintiff indicates that she needs a lawyer who speaks other languages (see Application for Pro Bono Counsel at 3), at this time it does not appear to the Court that plaintiff lacks the ability to communicate the factual basis of her claim and understand court requirements. For this reason, appointed counsel is not warranted.

The remaining factors also do not weigh in favor of appointing counsel at this time.[4] The

---

[2] Additionally, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Parham, 126 F.3d at 458 (citing Tabron, 6 F.3d at 157). Relatedly, even if a Court determines that counsel is warranted, it may request, but may not require, an attorney to represent the plaintiff. Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989).

[3] Although the Court notes some minor mistakes of language in plaintiff's submissions, her EEOC Charge of Discrimination reflects a clear summary of the basic facts underlying her claim. Moreover, her letter appended to her Application for Pro Bono Counsel shows an ability to communicate the reasons for her request for appointed counsel. (See EEOC Charge of Discrimination; Letter of Plaintiff dated June 27, 2005 appended to Application for Pro Bono Counsel.)

[4] The factual and legal issues in this case have yet to be sufficiently developed for the Court to be able to consider some of the factors relevant to a decision regarding the appointment

Court first notes that the legal issue is whether or not the defendant engaged in employment discrimination against plaintiff and violated her civil rights. The legal principles that govern such a claim are well established. Moreover, the plaintiff will have access to the discovery tools to conduct a factual investigation. Once the defendant files an answer, the Court will convene a conference pursuant to Federal Rule of Civil Procedure 16 to set a schedule for proceedings, including discovery. Through discovery, the plaintiff will be able to investigate her claims and the defenses.

With respect to plaintiff's claim that she needs an attorney because the case will turn on credibility, it is too soon to determine the amount that the case will turn on questions of credibility alone or require expert testimony and thus, the Court will not appoint counsel on that basis at this time. To the extent plaintiff seeks assistance in preparing her case, the Court refers plaintiff to the pro se handbook and to the federal rules.[5]

Finally, the Court considers plaintiff's ability to attain and afford counsel. While plaintiff has been granted in forma pauperis status and has therefore presumably made a showing of indigence, plaintiff provides no information regarding her efforts to hire counsel. The Court notes that attorney's fees may be recoverable should plaintiff prevail on her Title VII discrimination claim. See Miller v. Bolger, 802 F.2d 660, 663 (3d Cir. 1986) (citing 42 U.S.C. §

---

of pro bono counsel. See Mitchell v. Attorney General, No. Civ. 0.5-882 (RBK), 2005 WL 1106467, at *2 (D.N.J. Apr. 27, 2005) (quoting Chatterjee v. Philadelphia Federation of Teachers, No. CIV. A. 99-4122, CIV. A. 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)). In Chatterjee, which concerned two Title VII actions, the court stated that "[u]nlike Parham, which concerned a directed verdict ruling, and unlike Tabron, which involved an adjudication at summary judgment, [the plaintiff's] claims have barely been articulated; they certainly have not been tested or developed by the general course of litigation, making factors (2)-(5) of Parham's test particularly difficult to evaluate." (underlines substituted for italics) Furthermore, in Mitchell, where the plaintiff had only recently filed his complaint and where defendants had not yet been served with the complaint, the Court found that the plaintiff, at that stage of the litigation, had not shown "the complexity of the legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses." Mitchell, 2005 WL 1106467, at *2.

Accordingly, in the present litigation, where plaintiff has served the defendant with the Complaint but where defendant has not yet filed a responsive pleading, it is still too early for the Court to determine whether or not complex legal issues will arise, the extent the case will turn on credibility determinations, or whether there will be a need for expert witnesses, and if any of the circumstances justify the appointment of counsel.

[5] The Procedural Guide for *Pro Se* Litigants can be obtained from the Clerk of the Court or downloaded from the website of the United States District Court for the District of New Jersey, (http://pacer.njd.uscourts.gov/).

2000e-5(k)[6]). Congress enacted statutes such as 42 U.S.C. § 2000e-5(k) to give attorneys incentive to take meritorious civil rights cases. Cf. Owens-El v. Robinson, 694 F.2d 941, 942-43, 942 n.3 (3d Cir. 1982) (referring to the provision of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that, in actions under a number of civil rights statutes, a reasonable attorney's fee may be awarded to the prevailing party at the district court's discretion). Presumably, having brought an action under Title VII, plaintiff is in a better position to obtain counsel than a litigant who has not invoked a fee-shifting statute. Plaintiff has not, however, demonstrated that she even attempted to obtain counsel before filing this application. The failure to provide any evidence of her efforts to obtain counsel weighs against appointment of counsel at this time.

## CONCLUSION

For all of the above reasons, plaintiff's application requesting appointment of counsel is denied without prejudice.

SO ORDERED.

s/ Patty Shwartz
**United States Magistrate Judge**

---

[6] 42 U.S.C.A. § 2000e-5(k) provides as follows:
> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.